**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHAWN MALLOY | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 20-1804-JMY |
| THE DISTRICT ATTORNEY OF | : | |
| MONTGOMERY COUNTY, ET AL. | : | |

## <u>MEMORANDUM</u>

**YOUNGE, J.**                                                                             **May 21, 2020**

## I.    INTRODUCTION

Presently before the Court is Petitioner's Amended Emergency Petition for Writ of Habeas Corpus and Action Pursuant to 42 U.S.C. § 1983. ("Am. Pet.," ECF No. 7.) Petitioner is incarcerated in the Montgomery County Correctional Facility located in Eagleville, Pennsylvania. For the following reasons, the Amended Emergency Petition will be dismissed.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On April 6, 2020, Petitioner filed an Emergency Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §§ 2241, 2254 and 42 U.S.C. § 1983. (*See* "Pet." ¶¶ 2, 87, ECF No. 1.) On April 17, 2020, in order "to provide [the Court] with the most current posture of the matter," Petitioner filed a Supplemental Emergency Petition for Expedited Relief. ("Suppl. Pet." ¶ 18, ECF No. 5.) After review of those filings, the Court entered an Order requesting clarification of the grounds for relief that Petitioner sought to invoke, advising Petitioner of deficiencies in the Petition, and directing Petitioner to file an Amended Petition consistent with the Court's Order. (4/21/2020 Order, ECF No. 6.) On April 21, 2020, Petitioner filed the Amended Emergency Petition that is the subject of this Memorandum. Petitioner seeks relief relating to his state court criminal proceedings, based on the circumstances resulting from the 2019 novel coronavirus

pandemic (COVID-19).  (*See*, *e.g.*, Am. Pet. ¶¶ 35-50, 89-92.)  On May 8, 2020, Respondents

filed a Response in Opposition to the Amended Petition.  ("Resp.," ECF No. 8.)

The following background is relevant to Petitioner's claims.  In November 2019, after a

three-day jury trial before the Court of Common Pleas of Montgomery County, Petitioner "was

found guilty of one count of intimidation of witnesses, two counts of criminal use of

communication facility, and one count of obstruction of justice and seven counts of

harassment[.]" (Am. Pet. ¶¶ 9, 17.)  Petitioner was sentenced on March 9, 2020, "to two to six

years, [and a]fter sentencing, the Petitioner was remanded to custody."  (*Id*. ¶¶ 23-25).  On

March 19, 2020, Petitioner filed a Motion for Reconsideration of Sentence.  (*Id.* ¶ 28).  As

alleged in the Amended Emergency Petition, the Motion for Reconsideration "raised legal

deficiencies in Petitioner's sentencing hearing, deficiencies that would lead to a *reduction of*

*Petitioner's sentence.*" (*Id.* ¶ 29 (emphasis added); *see also id.* ¶ 74 (stating that Petitioner's state

court motions seek reconsideration of his sentence, "which, if corrected, would result in a

significantly lesser prison sentence for Petitioner").)  The following day, Petitioner filed a

Motion for Bail Pending Appeal, "citing the substantial issues raised in Petitioner's Motion for

Reconsideration of Sentence."  (*Id.* ¶ 30).  Both motions remain pending before the presiding

state court trial judge.  *See Commonwealth v. Malloy*, Mont. Cty. Ct. Com. Pl. Docket No. CP-

46-CR-002402-2019 ("Malloy Mont. Cty. Dkt."), available at

https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-46-CR-0002402-

2019&dnh=QcZenFgTVA2LUKRfUCkuRQ%3d%3d (last visited May 20, 2020).

Beginning in March 2020, in response to the COVID-19 outbreak, the executive and

judicial branches of Pennsylvania's government have issued a number of orders and other

measures intended to prevent the spread of COVID-19 and mitigate the impact of the disease.

These orders and measures impact the timing of, *inter alia*, proceedings pending before Pennsylvania's Courts of Common Pleas. (*See* Am. Pet. ¶¶ 36-43.)  *See also*, *e.g.*, Responding to COVID-19 in Pennsylvania, https://www.pa.gov/guides/responding-to-covid-19/ (last visited May 20, 2020); Pennsylvania Judiciary Coronavirus Information, http://www.pacourts.us/ujs-coronavirus-information (last visited May 20, 2020).  As to the Montgomery County Court of Common Pleas, on May 5, 2020, the President Judge rescinded the previous COVID-19-related orders, reopened the courts and ended the tolling of time limitations and filing deadlines, effective June 1, 2020.  *See* Montgomery County Emergency Judicial Order of 5-5-2020 ("5/5/2020 COVID-19 Order"), https://www.montcopa.org/ArchiveCenter/ViewFile/Item/5153 (last visited May 20, 2020.)

In this action, Petitioner claims that the "current orders of the Montgomery County Court of Common Pleas, the Supreme Court of Pennsylvania and the orders of Governor Tom Wolf [have] served to deprive [him of his] rights guaranteed to him by the Fourteenth Amendment of [the] Constitution of the United States of America" . . . in that he "is unable to have any hearing on either" of his pending motions. (Am. Pet. ¶¶ 51-52.) Petitioner requests that this Court issue "an Order or a Writ of Mandamus or Habeas Corpus requiring Petitioner to be released on bail or have his matters heard immediately[.]" (*Id*. Prayer for Relief.)

III.    **DISCUSSION**

A.    **Petitioner Raises Habeas Claims That Are Not Cognizable Under § 1983**

As a threshold matter, the Court concludes that Petitioner's challenge is not properly brought under 42 U.S.C. § 1983.  Fundamentally, the relief Petitioner seeks in his state court motions and before this Court is a reduction of his sentence and immediate release on bail.  Thus, Petitioner is challenging "the very fact [and] duration of [his] confinement itself."  *Preiser v.*

*Rodriguez*, 411 U.S. 475, 499 (1973). This is the sole province of habeas corpus. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser*, 411 U.S. at 489); *see also Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (noting that the Supreme Court has clarified "that a plaintiff cannot circumvent the overlap between habeas and § 1983 by raising an issue as an attack on procedure rather than substance, when resolution of the issue in his favor would necessarily imply the invalidity of the sentence—the fact or duration of detention" (citing *Edwards v. Balisok*, 520 U.S. 641, 646-47)).

Petitioner argues that his claims, if successful, "would not 'necessarily' mean that he is released, or his sentenced reduced," and thus, he contends, they may be brought under § 1983. (Am. Pet. ¶¶ 97-107 (citing *Leamer*, 288 F.3d at 540, 542 and *Preiser*, 411 U.S. at 487, 499-500).) *Leamer* and *Preiser* do not support Petitioner's attempt to invoke § 1983. *Preiser*, 411 U.S. at 494 (noting that challenges to the fact or duration of confinement are "the traditional purpose of habeas corpus"); *Leamer*, 288 F.3d at 540 (reasoning that there is "only a narrow subset of actions" that arguably implicate the overlap between habeas and § 1983, but the Supreme Court "has made it clear that for those cases, the narrower remedy, the habeas petition, is the only available avenue of relief"); *see also Jorge V.S. v. Green*, No. 20-3675, 2020 WL 1921936, at *2 (D.N.J. Apr. 21, 2020) (noting that where relief sought was release or a bond hearing adjudicating entitlement to release, neither were available through a civil rights proceeding, and both were standard forms of habeas relief); *Camacho Lopez v. Lowe*, ___ F. Supp. 3d ___, No. 20-563, 2020 WL 1689874, at *4 (M.D. Pa. Apr. 9, 2020) ("Camacho Lopez seeks immediate release from custody based on what he perceives as to be constitutionally deficient conditions of confinement that threaten his life and health. This in unequivocally a habeas remedy." (citations omitted)). Based on the

foregoing authority, Petitioner's claims for relief premised on § 1983 will be dismissed with prejudice.

### B.      Petitioner Has Not Properly Exhausted His Habeas Corpus Claims

It is a long-established principle of habeas litigation that before a state prisoner may obtain federal review, the prisoner must first exhaust the remedies available in the state courts. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Petitioner has not litigated his claim in the state court system, yet he still has that recourse available to him.  The disruption of normal court operations is a temporary condition, and the tolling provisions he objects to expire on June 1, 2020.  *See* 5/5/2020 COVID-19 Order.  As a result, Petitioner cannot show that state corrective processes are either nonexistent or would clearly be ineffective to protect his rights, as required by 28 U.S.C. § 2254(b)(1)(B).

Moreover, because petitioner has already been convicted, he does not have the same constitutional right to speedy proceedings that the Sixth Amendment prescribes for trials.  *See Heiser v. Ryan*, 15 F.3d 299, 304-05 (3d Cir. 1994) (holding petitioner failed to establish prejudice from 13-year delay in adjudicating motion to withdraw guilty plea).  In reaching this conclusion, the Third Circuit recognized that "most of the traditional interests the speedy trial guarantee is designed to protect 'diminish or disappear altogether once there has been a conviction.'"  *Id.* at 305 (quoting *Burkett v. Fulcomer*, 951 F.2d 1431, 1442 (3d Cir.1991), *cert. denied*, 505 U.S. 1229 (1992); *see also Muttawakil v. Hoke*, 968 F.2d 284, 285 (2d Cir. 1992) (finding no actual prejudice notwithstanding 13-year delay before direct appeal); Proudfoot v. Vaughn, No. 94-0590, 1997 WL 381590, at *3-5 (E.D. Pa. July 3, 1997) (holding that two years between sentencing and appellate decision was "considerably shorter" than the delay courts have previously held to be due process violations, and finding absence of actual

prejudice dispositive).  The Court further noted in *Heiser* that "the presumption of innocence, which underlies the societal concerns expressed in the Speedy Trial Clause, can no longer apply once the defendant has been found, or pleads, guilty."  *Heiser*, 15 F.3d at 305.  In this case, Petitioner is serving a state prison sentence pursuant to a presumptively constitutional state court conviction and judgment of sentence.  Moreover, Petitioner's ability to litigate and appeal the disposition of his post-sentence claims is not prejudiced by the relatively short delay resulting from the court disruptions caused by the COVID-19 pandemic.

To the extent Petitioner may contend that exhaustion is impossible or impracticable due to COVID-19, such an argument fails for two reasons.  First, the Amended Emergency Petition contains no suggestion that Petitioner has attempted to exhaust the state court process through emergency motion or petition to the state trial or appellate courts.  Nor does the underlying state court docket reflect any such efforts by Petitioner. *See* Malloy Mont. Cty. Dkt.  Second, the approximately two-month COVID-19-related deferral of adjudication of Petitioner's state court motions does not approach the inordinate delay that would warrant excusing the exhaustion requirement, particularly where Montgomery County has rescinded the tolling of time limitations and filing deadlines, effective June 1, 2020.  *See St. George v. District Attorney of Cty. of Phila.*, 529 F. App'x 226, 228 (3d Cir. 2013) (noting that only "inexcusable or inordinate delay" will excuse exhaustion requirement); *Cristin v. Brennan*, 281 F.3d 404, 411 (3d Cir. 2002) ("[O]ur cases have instructed district courts to stay their consideration of habeas petitions when previously stalled state proceedings resume.");  *Harris v. Steberger*, No. 16-4108, 2017 WL 2691984, at *3 (E.D. Pa. June 22, 2017) (collecting cases where delay found not to be "inordinate").  Accordingly, the exhaustion requirement is not excused, and the Amended

Emergency Petition will be dismissed without prejudice with respect to Petitioner's claims seeking habeas corpus relief.

**IV.      CONCLUSION**

For the foregoing reasons, the Amended Emergency Petition will be dismissed with prejudice as to Petitioner's § 1983 claims, and it will be dismissed without prejudice as to his habeas corpus claims.  An appropriate order follows.

**BY THE COURT**

 /s/ Judge John Milton Younge
Judge John Milton Younge